IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**L.L.,** *by and through her Next Friend,*
**NANCY HUBBARD**; **NANCY HUBBARD**;
and **RAYMOND LANER**,

      Plaintiffs,

v.                                                          No. 2:25-cv-471-MIS-KRS

**ALAMOGORDO POLICE DEPARTMENT**,
*an Executive Department of the* **CITY OF ALAMOGORDO**, *a municipal corporation organized under the laws of the State of New Mexico;*
**DAVID KUNHIRO,** *individually and in his official capacity as the Chief of Police for the Alamogordo Police Department*; **AARON RAMIREZ**, *individually and in his official capacity as Police Officer for the Alamogordo Police Department*; **ALAMOGORDO MUNICIPAL SCHOOL DISTRICT NUMBER ONE**, *a/k/a*, **ALAMOGORDO PUBLIC SCHOOL DISTRICT**; **ALAMOGORDO BOARD OF EDUCATION**; **ANGELA CADWALLADER,** *in her official capacity as President of the Alamogordo Board of Education*; **MICHAEL CRABTREE**, *in his official capacity as Superintendent of the Alamogordo Public School District*, and **LAIGHA BOYLE**, *individually and in her official capacity as Principal of Mountain View Middle School/Alamogordo Public School District,*

      Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on August 13, 2025. At the hearing, the Court did not adopt the parties' proposed Joint Status Report as the parties did not agree on the deadlines and limitations to depositions and requests for production of documents. For this reason, the Court sets forth a discovery plan for the parties to adhere to.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of **thirty (30)** interrogatories by each side, with responses due **thirty (30)** days after service.

(b) Maximum of **thirty (30)** requests for admission by each side, with responses due **thirty (30)** days after service.

(c) Maximum of **thirty (30)** requests for production by each side, with responses due **thirty (30)** days after service.

(d) Maximum of **ten (10)** depositions by each side. Each deposition, except for the named parties and expert witnesses, is limited to a maximum of **six (6)** hours unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for either party to move to amend pleadings or join additional parties: **October 28, 2025.**

(b) Deadline for Plaintiff's expert reports: **November 14, 2025.**[1]

(c) Deadline for Defendants' expert reports: **November 28, 2025**.

(d) Termination of fact discovery: **April 17, 2026**.

(e) Termination of all other discovery: **May 29, 2026**.

(f) Deadline for supplementing discovery/disclosures: **Due within thirty (30) days of receipt of information giving rise to the need for supplementation.**

---

[1] The parties must have their experts ready to be deposed at the time they identify them and produce their reports.

(g) Motions relating to discovery: **June 12, 2026**.

(h) All other motions:[2] **June 26, 2026**.

(i) Pretrial order: **To be set by the presiding judge**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time-period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

**SO ORDERED THIS 13th day of August 2025.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at *https://www.nmd.uscourts.gov/judges*. Each judge may have practices and submission procedures that counsel are expected to follow.