IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

L.L., by and through next friend
Nancy Hubbard, et al.,

      Plaintiffs,

v.

ALAMOGORDO POLICE
DEPARTMENT, et al.,

      Defendants.

Case No. 2:25-cv-00471-MIS-KRS

**ORDER GRANTING DEFENDANT ALAMOGORDO POLICE DEPARTMENT AND CHIEF KUNIHIRO IN HIS OFFICIAL CAPACITY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER is before the Court on Defendant Alamogordo Police Department ("APD") and Chief David Kunihiro ("Chief Kunihiro," and collectively "Defendants") in his Official Capacity's Motion for Judgment on the Pleadings ("Motion"), ECF No. 49, filed August 31, 2025. Plaintiffs L.L. (a minor), Nancy Hubbard, and Raymond Laner ("Plaintiffs") filed a Response on September 15, 2025 ("Response"), ECF No. 69, to which Defendants filed a Reply on September 29, 2025 ("Reply"), ECF No. 81. Upon review of the Parties' submissions, the record, and the relevant law, the Court will GRANT the Motion.

**I.      Background**

On November 4, 2024, a female student ("Female Student") at Mountain View Middle School ("MVMS") reported to MVMS officials that a male student ("Male Student") had touched her inappropriately. Am. Compl. ¶¶ 24-25, ECF No. 14. The school contacted APD to report the incident and Defendant Officer Aaron Ramriez reported to the school to investigate. Id. ¶¶ 26-27. Officer Ramirez interviewed the Female Student who indicated that other students at MVMS,

including Plaintiff L.L., may have witnessed the incident or have information regarding other incidents involving the Male Student. Id. ¶¶ 35, 44.

Officer Ramirez contacted his supervisor, Chief Kunihiro, who instructed Officer Ramriez to interview L.L. and other students who may have witnessed the incident (or similar incidents) "by removing them from MVMS to an outside location, to wit, Kids, Inc., for questioning." Id. ¶¶ 64-65, 69. "Kids, Inc., is a child advocacy center serving Otero[]County and Lincoln County, New Mexico that collaborates with law enforcement agencies to conduct interviews of children." Id. ¶ 70. Officer Ramirez drove L.L. from MVMS to Kids, Inc. for an interview during which L.L. provided information regarding her interactions with the Male Student, and interactions she had witnessed involving the Male Student. Id. ¶ 93.

The same day, November 4, 2024, MVMS personnel contacted the New Mexico Children, Youth and Families Department ("CYFD") to provide information from the Female Student's interview and about the Male Student. Id. ¶ 46. CYFD generated an Intake Report identifying L.L. as the "Alleged Victim" and Plaintiff Nancy Hubbard—who is L.L.'s grandmother and legal guardian—as the "Alleged Perpetrator," coding the allegation as "Physical Neglect," and describing the allegation as "Lack of Supervision/Caretaker." Id. ¶ 48. However, a CYFD supervisor decided not to initiate an investigation into this report due to "[n]o specific allegations or insufficient information of child abuse/neglect/exploitation." Id. ¶ 49; see also id. ¶ 52. Regardless, CYFD provided the information included in the Intake Report to APD "for the purposes of compliance with NMSA 1978, §32A-4-3[1] and to advise APD of the alleged, delinquent behavior of the Male Student." Id. ¶¶ 54-55.

---

[1] N.M. Stat. Ann. § 32A-4-3 governs the duty to disclose child abuse and child neglect. It requires, inter alia, "[e]very person . . . who has information that is not privileged as a matter of law, who knows or has a reasonable suspicion that a child is an abused or a neglected child" to report it to a local law enforcement agency, the

The next day, November 5, 2024, Officer Ramirez went to L.L.'s home, where she lives with Ms. Hubbard and L.L.'s uncle, Plaintiff Raymond "Alex" Laner. Id. ¶ 133. Officer Ramirez told Mr. Laner that he was there to follow up on a "CPS report that came in last night[.]" Id. ¶ 137. He then spoke to Ms. Hubbard on the phone, indicating that he was following up on the CPS report that reflected that L.L. may have witnessed or been involved in an incident with the Male Student. Id. ¶¶ 139-50. After the call concluded, "he stated to Mr. Laner that he had to enter the residence to make sure that there was food, running water, and electricity. Officer Ramirez entered the Hubbard/Laner Home where he examined the main living room and kitchen areas." Id. ¶ 152.

On May 30, 2025, Plaintiffs filed the operative Amended Complaint alleging civil rights violations against several defendants, including APD, Chief Kunihiro, individually and in his official capacity as APD's Chief of Police, and the City of Alamogordo. Id. ¶¶ 12-13. Counts I through VI of the Amended Complaint allege violations of Plaintiffs' rights under the United States Constitution and New Mexico Civil Rights Act against, inter alia, the City of Alamogordo and APD, through Chief Kunihiro in his official capacity. See id. at 36, 45, 49, 56, 58, 65. Count VII alleges "Spoliation of Evidence" against Officer Ramirez and Chief Kunihiro in their individual capacities, and against the City of Alamogordo and APD, through Chief Kunihiro in his official capacity. Id. at 67.

---

CYFD, or a tribal law enforcement or social services agency. N.M. Stat. Ann. § 32A-4-3(A). It also requires the recipient of the information to "take immediate steps to ensure prompt investigation of the report." Id. § 32A-4-3(C). "The investigation shall ensure that immediate steps are taken to protect the health or welfare of the alleged abused or neglected child, as well as that of any other child under the same care who may be in danger of abuse or neglect." Id. "A local law enforcement officer trained in the investigation of child abuse and neglect is responsible for investigating reports of alleged child abuse or neglect at schools, daycare facilities or child care facilities." Id.

On August 31, 2025, APD and Chief Kunihiro filed the instant Motion for Judgment on the Pleadings. ECF No. 49. Plaintiffs filed a Response, ECF No. 69, to which Defendants filed a Reply, ECF No. 81.

## II.    Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

4

### III. Discussion

Defendants argue that Plaintiffs' claims against APD and Chief Kunihiro in his official capacity should be dismissed with prejudice as redundant of their claims against the City of Alamogordo. Mot. at 2, 5-8.

Plaintiffs concede that "APD is not an independent entity with existence apart from the City of Alamogordo[,]" Resp. at 2, and "do not oppose the removal of the Alamogordo Police Department as a named party defendant[,]" id. at 1, but argue that APD should be dropped as a misjoined party under Federal Rule of Civil Procedure 21, id. at 2. Plaintiffs also apparently acknowledge that the claims against Chief Kunihiro in his official capacity are redundant of the claims against the City of Alamogordo, which is the real party in interest, see id. at 3, but argue that the Court should just amend the style of the case, id. They argue that dismissal of the official capacity claims against Chief Kunihiro "is inappropriate as Rule 17 recognizes that in an official capacity suit, a public officer, sued in an official capacity acts in place of the real party in interest, here, the City." Id. at 2-3 (citing Fed. R. Civ. P. 17(d)).

In their Reply, Defendants argue that "Chief Kunihiro and the APD are not misjoined parties which can be dropped pursuant to Rule 21. They are improper parties entitled to judgment on the pleadings and dismissal with prejudice under Rule 12(c)." ECF No. 81 at 3. They further argue that Plaintiffs misinterpret Rule 17, id. at 3, and that restyling the case caption does not solve the issue of redundancy, id. at 4. The Court agrees with Defendants.

First, Plaintiffs' official capacity claims against Chief Kunihiro are duplicative of their claims against the City of Alamogordo. See Rowell v. Bd. of Cnty. Comm'rs of Muskogee Cnty., 978 F.3d 1165, 1175 (10th Cir. 2020) ("An official capacity claim under § 1983 is the same as a claim against a municipality . . . ."); Cox v. Glanz, 800 F.3d 1231, 1254 (10th Cir. 2015) (observing

5

that official capacity claims are equivalent to claims against the local governmental unit of which the officer is an agent) (citations omitted); Vondrak v. City of Las Cruces, No. CIV–05–0172 JB/LFG, 2009 WL 1300945, at *2 (D.N.M. Mar. 30, 2009) ("[A] § 1983 action appropriately is pleaded against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity.  Naming either is sufficient.  Naming both is redundant.") (citations omitted) (quoting Stump v. Gates, 777 F. Supp. 808, 816 n.3 (D. Colo. 1991), aff'd, 986 F.2d 1429 (10th Cir. 1993)).  Duplicative official capacity claims are routinely dismissed.  Vondrak, 2009 WL 1300945, at *2 n.1 ("There is no sound reason to allow the official-capacity claims to remain, given the case law indicating that, where the municipality is already named as a defendant, such claims are redundant."); Doe v. Farmington Mun. Schs., Civ. No. 21-103 SCY/KK, 2022 WL 9956170, at *2 (D.N.M. Oct. 17, 2022) (observing that motions to dismiss duplicative official capacity claims "are routinely granted"); Browder v. City of Albuquerque, No. CIV 13-599 RB/KBM, 2014 WL 12487667, at *3 (D.N.M. Mar. 13, 2014) ("[I]t is common for Plaintiffs to name both the municipality and officer in an official capacity as Defendants.  In these cases, courts routinely dismiss official capacity claims as redundant of the claims against the municipal entity itself.").

To the extent Plaintiffs argue that Rule 17 permits a complaint to assert redundant claims against a municipality and a municipal employee in his official capacity, the Court rejects the argument as unsupported by the plain language of the rule or any relevant case law.  Consequently, the Court will dismiss the official capacity claims asserted against Chief Kunihiro with prejudice.  Brown v. City of Tulsa, 124 F.4th 1251, 1263 (10th Cir. 2025) (holding that "[t]he district court correctly dismissed the claims against [the chief of police] in his official capacity as duplicative of

6

the claims against the City of Tulsa"); Browder, 2014 WL 12487667, at *3 (dismissing redundant official capacity claims against the chief of police with prejudice).

Second, APD is not a suable entity under 42 U.S.C. § 1983. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the complaint should be dismissed as to the City of Denver Police Department because it "is not a separate suable entity" apart from the City of Denver); see also Ketchum v. Albuquerque Police Dep't, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) ("[P]olice departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality."); Henry v. Albuquerque Police Dep't, 49 F. App'x 272, 273 n.1 (10th Cir. 2002) (stating that district court "properly relied on an unpublished decision from this court [Ketchum] holding that the Albuquerque Police Department lacks a legal identity apart from the City of Albuquerque"). Because they are not suable entities, claims against police departments are routinely dismissed. See, e.g., Young v. City of Albuquerque, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014).

Plaintiffs cite no authority, and the Court has found none, holding that a non-suable party should be dropped as "misjoined" under Rule 21. The Court declines the invitation to be the first. Instead, the Court will dismiss the claims against APD with prejudice. Griego v. City of Albuquerque, 100 F. Supp. 3d 1192, 1198 (D.N.M. 2015) (dismissing claims against the Albuquerque Police Department with prejudice "because it is not a suable entity under the law of the United States Court of Appeals for the Tenth Circuit"); Miller v. IPRA Custodian, 1:21-cv-00473-JB-LF, 2022 WL 525824, at *2, *9 (D.N.M. Feb. 22, 2022) (recommending that the court dismiss civil rights claims against non-suable entities with prejudice), report and recommendation adopted, 2022 WL 951404, at *7 (D.N.M. Mar. 29, 2022).

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that Defendant Alamogordo Police Department and Chief Kunihiro in His Official Capacity's Motion for Judgment on the Pleadings, ECF No. 49, is **GRANTED** and the claims against APD and Chief Kunihiro in his official capacity are **DISMISSED WITH PREJUDICE**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE